UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDRIA L. ERWIN, ET AL., | CASE NO. 2:22-cv-00893-JHC |
| Plaintiff, | ORDER |
| v. | |
| OBI SEAFOODS LLC, | |
| Defendant. | |

This matter comes before the Court on the parties' Stipulated Protective Order, which the Court construes as a stipulated motion for protective order. Dkt. # 19. The Court has considered the motion and, for the reasons discussed below, DENIES it without prejudice.

"There is a strong presumption of public access to the court's files." LCR 5(g). The Court may issue a protective order "for good cause" under Federal Rule of Civil Procedure 26(c). The Court may enter a proposed stipulated protective order if it:

> [A]dequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal.

ORDER - 1

LCR 26(c)(2). Under the Court's Model Stipulated Protective Order instructions, "The parties must include a list of specific documents such as 'company's customer list' or 'plaintiff's medical records;' do not list broad categories of documents such as 'sensitive business material.'" W.D. Wash. Model Stipulated Protective Order, https://www.wawd.uscourts.gov/sites/wawd/files/ModelStipulatedProtectiveOrder.pdf.

The Stipulated Protective Order defines "confidential" material as "confidential or sensitive proprietary personal information ***including, but not limited to***" a list of categories. Dkt. # 19 at 2 (emphasis added). This definition is circular to an extent. *See Taladay v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. C14-1290-JPD, 2015 WL 4494561, at *2 (W.D. Wash. July 23, 2015) ("Indeed, Chase's circular definition of 'confidential' material under the protective order purports to include any testimony 'marked confidential' and any document containing 'confidential material' pertaining to customers or policies and practices of Chase."). Thus, this definition does not comply with Local Civil Rule 26(c)(2).

Further, "information relating to persons who are not parties to this case" is overbroad and does not appear to be limited to discrete categories of documents.

Finally, the parties violated LCR 26(c)(2) by providing a redlined version of their proposed order identifying only some departures from the model order.

The Court DENIES the motion without prejudice. The parties may file a revised stipulated protective order.

Dated this 17th day of May, 2023.

John H. Chun
United States District Judge

ORDER - 2