UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDRIA L. ERWIN,

                    Plaintiff,

         v.

OBI SEAFOODS, LLC,

                    Defendant.

CASE NO. 2:22-cv-00893-JHC

ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Udlinek to Answer. *See* Dkt. # 60.  Plaintiff seeks to compel nonparty deponent, Lucia Udlinek, to answer certain questions at a deposition.  Defendant opposes the motion.  *See* Dkt. # 63.  The Court has considered: the materials submitted by the parties in support of, and in opposition to, the motion; pertinent portions of the record; and the applicable law.  Being fully advised, the Court GRANTS the motion.

**II**
**BACKGROUND**

Udlinek, a licensed attorney, was hired by a law firm representing Defendant OBI Seafoods, LLC to investigate reports of discrimination and harassment in the workplace.  *See* Dkt. # 61-2 at 5.  During discovery, Defendant disclosed that Udlinek may have personal

knowledge related to Defendant's efforts to investigate and respond to certain workplace complaints related to Plaintiff's case. *See* Dkt. # 61-1 at 7–8; Dkt. # 61 at 2. Defendant produced in discovery a preliminary investigatory report written by Udlinek, which summarized her interviews conducted with OBI employees, along with OBI employment policies and records. Dkt. # 61 at 2. On November 7, 2023, Plaintiff issued a third-party subpoena for Udlinek's deposition and later that month Plaintiff deposed her. *Id.* During deposition—and despite Defendant's clarification that it was not asserting privilege over Udlinek's investigatory report as it pertained to Plaintiff—Udlinek refused to answer any questions related to her investigation at OBI on the basis of "attorney work product." *Id.* at 6; *see generally id.* at 2–8; Dkt. # 64-1 at 3.

### III
### DISCUSSION

Citing Federal Rule of Civil Procedure 37(a)(3)(B)(i), Plaintiff seeks to compel Udlinek to answer questions relating to her investigation. *See* Dkt. # 60 at 6; Fed. R. Civ. P. 37(a)(3)(B)(i) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a deponent fails to answer a question asked under Rule 30 or 31."). Plaintiff contends that because Defendant has waived its work-product privilege pertaining to Udlinek's investigation and investigatory report as it pertains to Plaintiff, its motion to compel is warranted. *See generally* Dkt. # 60. Plaintiff also asks the Court to grant a brief continuance of the discovery cutoff solely to allow a second Udlinek deposition. *Id.* at 10–11.

In opposition, Defendant asserts that Plaintiff's motion to compel is procedurally incorrect because it "is targeted at the wrong party." *See* Dkt. # 63 at 1. Defendant contends that it cannot force or compel Udlinek's testimony and adds that it did not order Udlinek not to

answer the deposition questions. *Id.* at 3. Instead, Defendant claims that Plaintiff "should have filed an order to show cause asking [Udlinek] to explain the basis for her non-answers." *Id.* at 3 (citing *Martinez v. City of Pittsburg*, 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012)).

Despite its opposition to Plaintiff's motion on procedural grounds, Defendant agrees with Plaintiffs factual summary and confirms that "it was not asserting privilege over the investigatory report it already disclosed." *Id.* at 1. Yet Defendant clarifies that there are limits to its waiver:

> By disclosing the report to Plaintiff, OBI waived work-product privilege specific to Ms. Udlinek's report. It did not waive privilege for every aspect of the report including unidentified communications between Ms. Udlinek and OBI's counsel.
>
> . . .
>
> [I]n so far as Plaintiff seeks all communication between Ms. Udlinek and OBI's counsel, OBI has not waived privilege associated with those communications and Plaintiff cannot seek that information. Irrespective of Plaintiff's improper motion, Defendant asks this Court to uphold its privilege with respect to any communications between Ms. Udlinek and OBI that were unrelated to her report as covered by the work-product doctrine.

*Id.* at 4–5. Defendant highlights that Udlinek was retained to conduct a workplace investigation related to another employee, Tommy Moore. *Id.* at 2; Dkt. # 64-1 at 3 ("To be clear, my investigation was not on your legal case. You have a completely different lawsuit, with completely different parties, with completely different attorneys."). Defendant also includes that it "only objected to Plaintiff's motion because Plaintiff did not agree to an extension of the dispositive motion deadline."[1] Dkt. # 63 at 2.

A.     Work-Product Doctrine

"To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that

---

[1] The Court denied without prejudice Defendant's motion to extend dispositive motion deadline. *See* Dkt. # 77.

other party's representative.'"  *United States v. Richey*, 632 F.3d 559, 567–68 (9th Cir. 2011); *see also Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992).

The work-product doctrine shelters the mental processes of attorneys, recognizing that without "a certain degree of privacy . . . [i]nefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial[,]" thus demoralizing the legal profession and poorly serving the interests of clients and the cause of justice. *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947).  The party claiming work-product protection bears the burden of establishing that the work-product doctrine applies.  *Richey*, 632 F.3d at 566.

Attorney work-product privilege is not absolute and may be waived.  *See United States v. Nobles*, 422 U.S. 225, 239–40 (1974).  Disclosing a privileged communication or raising a claim that requires disclosure of a protected communication results in waiver as to all other communications on the same subject.  *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (citing *Nobles*, 422 U.S. at 239–40; *Weil v. Inv./Indicators, Rsch. & Mgmt.*, 647 F.2d 18, 24 (9th Cir. 1981) ("[V]oluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject.")); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir.1992) ("Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived.")).

Defendant does not dispute that it has waived its work-product privilege as it pertains to the previously disclosed investigatory report prepared by Udlinek.  The Court cautions, however, that the disclosure of Udlinek's report and Defendant's identification of Udlinek as having personal knowledge related to this case's claims and affirmative defenses, *see* Dkt. # 61-1 at 7–8, does not waive the work-product protection of *all* of any protected communication between

Udlinek, Defendant, and the law firm that hired Udlinek on behalf of Defendant.  Yet the questions posed during Udlinek's deposition did not appear to exceed the scope of Udlinek's undisputed waiver because these questions did not seemingly probe the mental processes of any attorneys preparing for trial.  For example, counsel asked the questions below, to which Udlinek refused to provide an answer:

- What was the workplace that you were asked to investigate?

- And so, Ms. Udlinek, I'll represent to you that this is your preliminary report concerning an investigation that you conducted into the workplace at OBI and Icicle Seafoods.  Do you see that, ma'am?

- Who did you interview for your investigation?

- What documents did you review in the course of conducting your investigation?

- How did you collect or record information that you used for the investigation?

- What policy did you review during the course of your investigation?

- Did you keep notes related to what you did or your work with the investigation?

- Where did you keep notes and records that you kept during the course of your investigation?

- Had you done any work with Icicle or OBI prior to conducting the investigation in 2020?

- How did you obtain the records or documents that you analyzed and relied upon during the course of your investigation?

- Who did you speak with at Icicle or OBI management, if anyone, during the course of your investigation?

- Did you enter into any written agreements regarding your work with Icicle or OBI?

- How many reports did you produce with respect to this investigation?

- Did you interview any Icicle or OBI employees during the course of the investigation?

- Were there any documents that you wanted to review but were unable to access for the benefit of your investigatory work here?

- Did you come up with findings or conclusions when you finished your investigation?

- Did you make a conclusion, one way or the other, whether any OBI policy had been violated?

- But speaking broadly, what did your investigation find?

*See* Dkt. # 61-2 at 5–8.  These questions do not inquire into the communication between Udlinek and Defendant in anticipation of litigation and do not appear to extend past Defendant's waiver of work-product privilege.  Recognizing that (1) Defendant has voluntarily disclosed Udlinek's investigatory report, (2) conceded waiver limited waiver its work-product privilege, and (3) stated that Udlinek's involvement as an investigator may be linked to its own affirmative defenses—it follows that Udlinek must answer Plaintiff's questions.

B.      Procedural Posture

The remaining issue before the Court is how it should compel a nonparty to answer Plaintiff's deposition questions.  Various district courts have grappled with this question and answered it as follows:

> Rule 45 sets forth the process for a party to obtain certain information from non-parties via subpoenas.  Fed. R. Civ. P. 45.  "Once a deponent has appeared for a deposition, Federal Rule of Civil Procedure 37(a)(3)(B)(i) governs a motion to compel a deponent—whether a party or a non-party—to answer a question."

*Gray v. USAA Cas. Ins. Co.*, No. 8:21-CV-728-SPF, 2023 WL 3043642 (M.D. Fla. Apr. 21, 2023) (quoting *MetroPCS v. Thomas*, 327 F.R.D. 600, 612 (N.D. Tex. 2018)); *see also* Fed. R. Civ. P. 37(a)(3)(B)(i) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31 . . . ."); *see, e.g.*, Fed. R. Civ. P 37(a)(2)("A motion

for *an order to a nonparty* must be made in the court where the discovery is or will be taken.") (emphasis added).

The Court notes that Defendant's request for Plaintiff to file an order to show cause—and its reference to *Martinez*—is misplaced.  2012 WL 699462 (N.D. Cal. Mar. 1, 2012).  In *Martinez*, the plaintiff served a Rule 45 subpoena on nonparty witness and that nonparty did not appear for the deposition.  *Id.* at *4.  The district court then ordered the nonparty deponent to appear before it to show cause why he should not be held in civil contempt for his failure to appear at his deposition.  *Id.*  Here, the nonparty deponent, Udlinek, did appear for her deposition but refused to answer certain questions; the procedure set out in Martinez is inapplicable.  The Court concludes that a motion to show cause from Plaintiff would be inappropriate and Rule 37 procedure governs.[2]

# III
## CONCLUSION

For these reasons, the Court GRANTS Plaintiff's motion to compel.  *See* Dkt. # 60.  The Court also GRANTS a continuance of the discovery cutoff solely to allow Plaintiff to conduct a

---

[2] A district court's order to compel a nonparty is a final and appealable order:

> There is a distinction in the law between the enforcement of discovery orders directed at parties and the enforcement of discovery orders directed at disinterested third parties, but that distinction derives from concerns regarding finality, not mootness.  As a general rule, a district court's order enforcing a discovery request is not a "final order" subject to appellate review.  A party that seeks to present an objection to a discovery order immediately to a court of appeals must refuse compliance, be held in contempt, and then appeal the contempt order. . . . [in contrast] a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance.

*See, e.g.*, *Church of Scientology of California v. United States*, 506 U.S. 9, 18 n.11  (1992) (citing *United States v. Ryan,* 402 U.S. 530 (1971); *Perlman v. United States,* 247 U.S. 7 (1918)).

new deposition of Udlinek and DIRECTS the parties to file a joint status report by January 12, 2024, proposing a new deadline for this deposition.

Dated this 4th day of January, 2024.

John H. Chun
United States District Judge