UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDRIA L. ERWIN,<br><br>        Plaintiff,<br><br>  v.<br><br>OBI SEAFOODS, LLC,<br><br>        Defendant. | CASE NO. 2:22-cv-00893-JHC<br><br>ORDER GRANTING MOTION TO EXCLUDE |

# I
## INTRODUCTION

This matter comes before the Court on Defendant OBI Seafoods, LLC's Motion to Exclude Plaintiff's Expert Witness. *See* Dkt. # 70. OBI seeks to exclude Plaintiff Alexandria L. Erwin's expert witness Judith Clark because Clark's preliminary "report fails to satisfy the *Daubert* test as it is neither reliable nor relevant." *See* Dkt. # 70 at 1; Dkt. # 71-2 at 2–35. Applying the standard under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc. ("Daubert I")*, 509 U.S. 579, 597 (1993), and its progeny, the Court concludes that Clark's testimony lack reliability and GRANTS the motion. *See* Dkt. # 70.[1]

---

[1] Neither party requests a *Daubert* evidentiary hearing. The Court determines that it has "an adequate record before it to make its ruling" without holding such a hearing. *In re Hanford Nuclear Rsrv. Litig.*, 292 F.3d 1124, 1138–39 (9th Cir. 2002).

ORDER GRANTING MOTION TO EXCLUDE - 1

## II
### LEGAL STANDARDS

Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise," provided:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "Before admitting expert testimony into evidence, the district court must perform a 'gatekeeping role' of ensuring that the testimony is both 'relevant' and 'reliable' under Rule 702." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (quoting *Daubert I*, 509 U.S. at 597). "[J]udges are entitled to broad discretion when discharging their gatekeeping function." *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000).

The proponent of the expert testimony bears the burden of establishing admissibility by a preponderance of the evidence. *See Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). Courts liberally construe Rule 702 in favor of admissibility. *See Daubert I*, 509 U.S. at 588; *Chinn v. Whidbey Pub. Hosp. Dist.*, No. C20-995 TSZ, 2021 WL 5200171 (W.D. Wash. Nov. 9, 2021).

## III
### DISCUSSION

Erwin retained Clark as a "Human Resources [("HR")] expert . . . to testify about typical employer practices and human resources standards with respect to responding to, investigating, and remediating reports of discrimination and harassment; preventing retaliation at work; and to rebut the testimony of OBI's four witnesses." Dkt. # 82 at 1–2. OBI seeks to exclude Clark's

ORDER GRANTING MOTION TO EXCLUDE - 2

testimony on the ground that it "is neither reliable nor [relevant] and is therefore inadmissible." *See* Dkt. # 70 at 4.  Erwin responds that Clark offers reliable testimony "informed by her years of experience and extensive training on human resources practices" and it is relevant because "standard human resources and employment practices" are typically unknown to "the average person" and are "central to this case." Dkt. # 82 at 10.

A.      Reliability

According to OBI, Clark's testimony is unreliable and lacks "any foundation or evidentiary support beyond her personal, rather than professional opinions." Dkt. # 70 at 4.  OBI contends that Clark's testimony lacks sufficient "methodology" and "fails to satisfy the required analytical rigor of a testifying expert" because it does not "provide explanation as to the fundamental basis for her opinions" or demonstrate "how [her relevant] experience was reliably applied to the facts." *Id.* at 4–5.  OBI says that the Court should exclude this testimony because Clark's "report contains no reference . . . of any objective, independent validation in support of her conclusions." Dkt. # 87 at 2–3 (citing *Easton v. Asplundh Tree Experts, Co.*, Case No. C16-1694RSM, 2017 WL 4005833 (W.D. Wash. Sept. 12, 2017); *Arjangrad v. JP Morgan Chase Bank, N.A.* Case No. 3:10-cv-01157-PK, 2012 WL 1890372 (D. Or. May 23, 2012).

Erwin responds that Clark's testimony is reliable because "HR does not fall into the traditional category of science that Daubert considerations are crafted to address." Dkt. # 82 at 8.  Erwin notes that "Clark has been working in HR for over 40 years," and maintains that

ORDER GRANTING MOTION TO EXCLUDE - 3

Clark's extensive professional experience proves that her "opinions are supported by well-established industry practices." *Id.* at 9.[2]

Reliability "requires that the expert's testimony have 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Ruvalcaba-Garcia*, 923 F.3d at 1188 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999)).  When the testimony concerns "non-scientific" issues, the reliability inquiry of "the *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it." *Hangarter*, 373 F.3d 998, 1017 (9th Cir. 2004) (citation omitted) (concluding that an expert's "'experience, training, and education' provided a sufficient foundation of reliability for his testimony").  When the expert witness relies

> solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.  The trial court's gatekeeping function requires more than simply "taking the expert's word for it."

Fed. Civ. R. P. 702 Committee Notes on Rules—2000 Amendment (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995) ("We've been presented with only the experts' qualifications, their conclusions and their assurances of reliability.  Under *Daubert*, that's not enough.")).

Human resources experts—despite being in a "non-scientific" profession—are not immune from scrutiny under Rule 702.  In *Easton*, the district court excluded an HR expert

---

[2] Without citing authority, Erwin alternatively requests "the opportunity to make an offer of proof as to the methodology used to inform [Clark's] opinions." Dkt. # 82 at 9.  OBI does not address this request.  If the parties agree that Erwin may make such an offer of proof, she may file it with the Court.  If the parties disagree, Erwin may file a motion.

ORDER GRANTING MOTION TO EXCLUDE - 4

witness because his report did not identify the source of his cited "HR best practices" and the report impermissibly concluded that the defendant employer's policies and actions were "reasonable, without explanation or analysis as to how those policies and actions [were] consistent with any HR 'best practices[.]'"  2017 WL 4005833, *1.  In *Arjangrad*, the district court also found that an HR specialist's expert testimony was unreliable "because the expert failed to explain 'how his experience performing discrimination investigations or his expertise advising employers and HR professionals led him to understand and define generally accepted standards of HR investigation practices.'" 2012 WL 1890372, *4.

Even when the Court liberally construes Rule 702 in favor of admissibility, Clark's expert testimony fails to demonstrate how her experience has informed her conclusions on best or "typical" practices in the HR field.  *See Daubert I*, 509 U.S. at 588; *Chinn*, 2021 WL 5200171.  Put another way, her report lacks a methodological nexus between her experience and her conclusions.  *See* Fed. Civ. R. P. 702 Committee Notes on Rules—2000 Amendment; *see also Moussouris v. Microsoft Corp.*, 311 F. Supp. 3d 1223, 1246 (W.D. Wash. 2018) (finding that expert testimony was not reliable because experts that rely primarily on experience must explain how their experience led to the conclusion reached and this expert did not "adequately specif[y] the method by which she arrived at her conclusions").

/
/
/
/
/
/
/

ORDER GRANTING MOTION TO EXCLUDE - 5

## IV
## CONCLUSION

Accordingly, the Court GRANTS OBI's motion (Dkt. # 70) and EXCLUDES Clark's expert testimony.[3]

Dated this 12th day of February, 2024.

*John H. Chun*

John H. Chun
United States District Judge

---

[3] OBI contends that Clark's testimony is also inadmissible because it is irrelevant under *Daubert*. According to OBI, Clark's report makes "conclusions of law" and opines "beyond the acceptable bounds of an expert on HR practices and standards." Dkt. # 70 at 6–7. The Court disagrees in part, observing that certain portions—but not all—of Clark's report threaten to invade the role of the jury and judge by asserting legal conclusions. Nevertheless, because Clark's expert testimony is unreliable, the Court must exclude her testimony and declines to address this portion of the *Daubert* test.